WATKINS, Judge.
The issue presented in this suit on a contract is whether or not the trial court erred in the quantum awarded plaintiff-appellee. Because we find no manifest error in the trial court’s action, we affirm.
Dub Johnson Paving Contractor, Inc. (herein referred to as Johnson Paving) entered into a contract on June 5, 1978, with Custom Pipe Coating of Louisiana, Inc. (Custom Pipe) whereby Johnson Paving was to prepare a site for Custom Pipe in Addis, Louisiana. Johnson Paving was to grade, drain and pave various portions of the site in preparation for another contractor to construct a pipe fabrication plant. The contract set forth two phases in which the work was to be done, phase A and phase B. It is only phase B that concerns us here.
The total amount due Johnson Paving under phase B was $169,130.77. On November 13, 1978, Edward E. Evans & Associates, Inc., the engineering firm hired by Custom Pipe, issued a certificate which approved the final payment less the ten percent retainage, indicating all work had been done, approved and payment recommended. Problems developed between the two parties and Custom Pipe informed Johnson Paving that certain areas of the site were retaining water and were causing the heavy equipment to become bogged down.
On January 30, 1979, Johnson Paving filed in the mortgage records of West Baton Rouge Parish a lien affidavit stating the affiant had completed all the work called for by the contract but that the re-tainage (on both phases) had not yet been paid. The retainage for phase A was later paid, and Johnson Paving filed suit for the $16,913.08 retainage due on phase B.
Custom Pipe answered the suit and reconvened, contending Johnson Paving’s work had been defective and incomplete and had caused an added expense of $105,-077.89. Custom Pipe prayed for judgment in the amount of $88,164.81, which is the difference between the amount it allegedly expended and the amount claimed by Johnson Paving.
After a lengthy trial the court rendered judgment on the main demand in favor of Johnson Paving and against Custom Pipe, in the amount of $14,413.08. The court found Johnson Paving had “substantially completed” the project but accepted testimony from an expert witness, Mr. John Graves, (a civil engineer) that it would cost Custom Pipe approximately $2,500.00 to complete the small amount of work left unfinished by Johnson Paving. The court therefore deducted this amount from the retainage due. On the reconventional demand the court rendered judgment against plaintiff-in-reconvention Custom Pipe and in favor of defendant-in-reconvention Johnson Paving, finding Custom Pipe had failed to put Johnson Paving in default and was therefore not entitled to recover.
Custom Pipe filed an appeal and Johnson Paving answered.[1] Because the appellant failed to appear or file a brief prior to the time the ease was submitted, this court dismissed Custom Pipe’s appeal in accordance with Rule VII, Section 5(b) of the Uniform Rules of the Courts of Appeal. 403 So.2d 127. Johnson Paving’s rights were not affected by the dismissal. Therefore, we consider here only that single issue raised by Johnson Paving in their answer to the appeal: the issue of quantum.
The area of controversy in this matter is the northeast corner of the site, an area between the main railroad track and a railroad spur. The plans show this area was to be graded to allow proper drainage. Mr. Wilbur Johnson and his son, Wilbur Johnson, Jr., both testified they were instructed by Mike Bridges[2] (an engineer associated with the engineering firm hired by Custom Pipe) not to grade this particular area because any necessary work would be done by those responsible for laying the railroad spur. Therefore, they allege they did all of *1231 the work required of them under the contract and should be paid the full ten percent retainage. John Graves testified that the grading of this area was never deleted from the plans and therefore Johnson Paving was responsible for completing the work as specified by the plans. Both Mr. Johnson and his son admitted there was no written order authorizing them to ignore the grading of this area. '
We agree with the trial court that although there is conflicting testimony as to what was to be done to this portion of the site, there is no written evidence showing Johnson Paving was relieved of their duty to grade this area. Therefore, it is equitable that appellee be penalized $2,500.00, the amount required to finish the work they left undone. As an appellate court we must give great weight to the conclusions of the trier of fact and we will not disturb this reasonable evaluation of credibility and reasonable inference of fact, even though other evaluations and inferences are as reasonable. Aleman v. Lionel F. Favret Co., Inc., 349 So.2d 262 (La.1977), rehearing denied 1977.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant Custom Pipe is to pay all costs.
AFFIRMED.

. Since Custom Pipe appealed first they are referred to as the appellant and Johnson Paving as the appellee.

. The record shows an attempt was made to subpoena Mr. Bridges but was unsuccessful, therefore he did not testify.